Brian McCaffrey, Esq.,
Attorneys for the Debtor
Brian McCaffrey Attorney at Law, P.C.
88-18 Sutphin Boulevard, 1st Floor
Jamaica, NY 10601
PH (718) 480-8280

| | |
|---|---|
| | **HEARING DATE & TIME** |
| | **March 18, 2014 at 10:45 a.m.** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
In re:  Klauss Wimmer
        Linda Wimmer                                                      **Chapter 13**
                                                                           **Case No: 13−37533−cgm**
                    **Debtor,**
-------------------------------------------------------------------X

Klauss Wimmer
                    **Movant,**
                                                                           **NOTICE OF MOTION**

V

**OneWest Bank, FSB**

                    **Claimants/Respondents.**

-------------------------------------------------------------------X

_____

**NOTICE OF MOTION FOR VALUATION OF COLLATERAL,**
**BIFURCATION OF CLAIMS AND VOIDING OF LIENS**
**PURSUANT TO 11 U.S.C. § 506**

_____

TO:   THE   HONORABLE CECELIA G. MORRIS
      UNITED STATES BANKRUPTCY JUDGE

   **PLEASE TAKE NOTICE**, that upon the annexed Motion to Value Collateral of Brian McCaffrey

Attorney at Law, P.C., attorneys for Klauss Wimmer, (hereinafter "Debtor") the undersigned will move

this Court for an order, pursuant to 11 U.S.C. §§ 506 and 1325 to value certain real property of the

estate and at the directive of this Court for an order:

   **(a)** Granting the Debtor's Motion to Value Collateral, and;

**(b)** Valuing Debtor's real property located at 12 Blueberry Road Hopewell Junction, NY 12533 at $545,000.00, and;

**(c)** Finding that OneWest Bank, FSB, as holder of a first mortgage on the property, has an allowed secured claim in the amount of $545,000.00, and;

**(d)** Finding that the balance of the claim of OneWest Bank, FSB, as holder of a first mortgage on the property is unsecured and void, and;

**(e)** Finding that OneWest Bank, FSB as the holder of a second mortgage has a wholly unsecured claim which is void, and;

**(f)** For such other and further relief as the court may deem just, proper and equitable.

**PLEASE TAKE FURTHER NOTICE**, that this Motion shall be returnable on the **18th Day of March, 2014 at 10:45 AM** in the forenoon of that day, before the Hon. Cecelia G. Morris, or as soon thereafter as counsel can be heard, at 355 Main Street Poughkeepsie, NY 12601-3315.

**PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, must comply with the Federal Rules of Bankruptcy Procedure, shall be filed with the Court and served upon and received by Brian McCaffrey Attorney at Law, P.C., attorneys for Debtor, at their offices located at 88-18 Sutphin Boulevard, Jamaica, NY 11435, Attention: Brian McCaffrey, Esq., so that they are received no later than seven (7) days before the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE**, that the hearing may be adjourned from time to time without further notice other than the announcement of such adjournments in open Court.

Dated: January 30, 2014

                                           */s/ Brian McCaffrey*

                                         BRIAN  MCCAFFREY, ESQ.
                                         Brian McCaffrey Attorney at Law, P.C.
                                         Attorneys for Debtor
                                         88-18 Sutphin Blvd., 1st Floor
                                         Jamaica, New York 11435
                                         (718) 480-8280

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
**In re:  Klauss Wimmer**
           **Linda Wimmer**                                                       Chapter 13
                                                                                              Case No: 13−37533−cgm
                                    **Debtor,**
------------------------------------------------------------------X

**Klauss Wimmer**
                                    Movant,
                                                                                              MOTION
V

**OneWest Bank, FSB**

                              Claimants/Respondents.

------------------------------------------------------------------X

_____

**MOTION FOR VALUATION OF COLLATERAL,**
**BIFURCATION OF CLAIMS AND VOIDING OF LIENS**
**PURSUANT TO 11 U.S.C. § 506**
_____

Klauss Wimmer (hereinafter "Debtor"), by and through his attorneys Brian McCaffrey Attorney at Law, P.C., moves the above entitled Court for an order valuing the Debtor's real property pursuant to 11 U.S.C. § 506, modifying the allowed secured claims of OneWest Bank, FSB (hereinafter "Creditor").

## BACKGROUND

1. At all times relevant, Debtor was and is the sole fee simple owner and mortgagor of the real property located at 12 Blueberry Road Hopewell Junction, NY 12533 (hereinafter the "Property"). Said Property is not the principal residence of the Debtor.

2. OneWest Bank, FSB (hereinafter the "Creditor"), claims to be the holder of two (2) mortgages secured against the Debtor's Property.

3.  On or about September 21, 2006, Debtor executed a negative amortization First Mortgage and Note payable to Quicken Loans which was subsequently assigned to OneWest Bank, FSB in the original principal sum of $937,500.00. As security for the Note, the creditor recorded a mortgage in the Office of the Clerk of the County of Dutchess, State of New York on September 19, 2007 under Document No: 13103 against the Property.

4.  On or about January 10, 2007, Debtor executed a Second Mortgage (HELOC) payable to IndyMac Bank, FSB which was subsequently assigned to OneWest Bank, FSB in the original principal sum of $150,000.00. As security, the creditor recorded the HELOC in the Office of the Clerk of the County of Dutchess, State of New York on January 24, 2007 under Document No: 1228 against the Property.

5.  When the artificially low minimum negative amortization payment increased to the fully amortized payment the Debtor fell behind and was unable to refinance due to the decline of values in the housing market. All attempts to obtain a loan modification were met with rejection by the lender.

6.  On or about October 25, 2011 the Creditor commenced a foreclosure action against the Debtor in New York State Supreme Court under Index No: 6926/2011 in Dutchess County.

7.  Throughout the course of settlement conferences in the State court action the Creditor refused to consider the Debtor for loss mitigation because the amount owed to the Creditor exceeded the loan limits for loss mitigation programs available through the lender.

8.  As a result of the intransigence of the lender, the Debtor sought to find a place to live that would afford him a lower monthly payment for rent, while enabling him to rent the Property to someone who could afford the payment amount dictated by the mortgage. In September of 2013 the Debtor and his wife took up residence at 747 North Quaker Hill Road, Pawling NY 12564.

9.  The Property has been listed for rent since September of 2013 and although there have been parties interested in the Property; the fact that the Property is in foreclosure has made it difficult to rent.

The Property is no longer the Debtor's principal residence and has been transformed into a rental property designed to provide another source of income.

10. The Property is currently valued at five hundred and forty-five thousand ($545,000.00) dollars. See appraisal annexed hereto as Exhibit A

## LEGAL ARGUMENTS

### As to the Second Mortgage (HELOC)

11. This is a motion under 11 U.S.C. Section 506(a) and 506(d) determining the extent to which the claim of OneWest Bank, FSB is secured and unsecured, and relegating such creditor to the status of an unsecured creditor to the extent such claim is not an allowed secured claim pursuant to 11 U.S.C. Sec. 1322 (b) (1) and 1322 (b) (5).

12. Debtor, Klauss Wimmer, resides with his wife at 747 North Quaker Hill Road, Pawling, NY 12564. The Debtor along with his wife, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 19, 2013 ("the filing date").

13. Debtor owns a parcel of real property known as 12 Blueberry Road Hopewell Junction, NY 12533. The value of the property is $545,000.00. See Exhibit "A".

14. There are currently two (2) mortgages on the Property. As outlined *supra*, OneWest Bank, FSB holds both the first mortgage and second mortgage on the property..

15. Request for a payoff have gone ignored by the Creditor and they have not filed a proof of claim. Upon information and belief, the source of which is the annexed modification denial letter, OneWest Bank, FSB is owed in excess of $729,750.00 on the first mortgage. (Attached hereto as Exhibit "B").

16. Upon information and belief, the source of which is the Creditors proof of claim, OneWest Bank, FSB is owed approximately $153,981.81 on the second mortgage (Attached hereto as Exhibit "C").

17. The total amount due on the first mortgage is in excess of $525,000.00. The value of the property is $525,000.00. There is no equity in the property to secure a second mortgage.

18. OneWest Bank, FSB has a secured claim, on the second mortgage, pursuant to 11 U.S.C. Sec. 506(a) only to the extent of the value of its collateral and an unsecured claim for the balance. It is submitted that the second mortgage is unsecured in full pursuant to 11 U.S.C. Sec. 1322(b)(1).

19. Pursuant to 11 U.S.C. Sec. 506(d) to the extent a lien secures a claim against debtor that is not an allowed secured claim, such lien is void. As such, the wholly unsecured lien of the Creditor's junior mortgage on the Property should be declared void. In re Pond, 252 F.3d 122 (2d Cir. 2001)

**As to the First Mortgage**

20. Chapter 13 expressly authorizes a bankruptcy court to modify the rights of any creditor whose claim is secured by an interest in anything other than "real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2).

21. Here, the Debtor's Property is not the "debtor's principal residence" and therefore qualifies under the Bankruptcy Cram Down provisions.

22. 11 U.S.C. § 1325(a)(5)(B) allows the court to reduce the balance of the loan to the fair market value of the collateral (the "Cramdown").

23. 11 U.S.C. § 1325(a)(5)(B), simply requires bankruptcy courts to ensure that the property to be distributed to a particular secured creditor over the life of a bankruptcy plan has a total "value, as of the effective date of the plan," that equals or exceeds the value of the creditor's allowed secured claim--in this case, $545,000.00 § 1325(a)(5)(B)(ii).

24. The valuation of a secured claim is governed by 11 U.S.C. Section 506(a) which provides:

> "An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be

> determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest."

25. 11 U.S.C. § 506(a). "Section 506(a) defines the secured and unsecured components of debts according to the value of the underlying collateral." Tanner v. FirstPlus Fin., Inc. (In re Tanner), 217 F.3d 1357, 1358 (11th Cir. 2000).

26. OneWest Bank, FSB, hold a first-priority mortgage with an original principal amount of $937,500.00 on the Debtor's investment property located at 12 Blueberry Road Hopewell Junction, NY 12533.

27. The Debtor has valued the property at $545,000 on his petition and schedules. The Creditor has not filed a proof of claim or objected to the Debtor's stated value. The Debtor's stated value is the result of an appraisal by a New York State Licensed Appraiser. Exhibit A

28. Two provisions of the Bankruptcy Code are operative with respect to the bifurcation of OneWest Bank, FSB's first mortgage lien.

>   Section 506(d) states:
>
>> To the extent that a lien secures a claim again the debtor that is not an allowed secured claim, such lien is void, unless—(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.
>
>   Section 1322(b)(2) states:
>
>> Subject to subsections (a) and (c) of this section, the plan may—(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

See In re Laycock, 497 B.R. 396, 398, 2013 Bankr. LEXIS 4003, 70 Collier Bankr. Cas. 2d (MB) 375, 2013 WL 5379569 (Bankr. S.D.N.Y. 2013)

29. In light of the foregoing, this Court should find the value of the Property is $525,000.00, determine that this is the value of OneWest Bank FSB's allowed secured claim, and void the unsecured portion of the claim which exceeds the value of the Property.

**WHEREFORE,** Debtor prays that this Court issue an Order:

**(a)** Granting the Debtor's Motion to Value Collateral, and;

**(b)** Valuing Debtor's real property located at 12 Blueberry Road Hopewell Junction, NY 12533 at $545,000.00, and;

**(c)** Finding that OneWest Bank, FSB, as holder of a first mortgage on the property, has an allowed secured claim in the amount of $545,000.00, and;

**(d)** Finding that the balance of the claim of OneWest Bank, FSB, as holder of a first mortgage on the property is unsecured and void, and;

**(e)** Finding that OneWest Bank, FSB as the holder of a second mortgage has a wholly unsecured claim which is void, and;

**(f)** For such other and further relief as the court may deem just, proper and equitable.

Dated: January 30, 2014

/s/ Brian McCaffrey

BRIAN MCCAFFREY, ESQ.
Brian McCaffrey Attorney at Law, P.C.
Attorneys for Debtor
88-18 Sutphin Blvd., 1st Floor
Jamaica, New York 11435
(718) 480-8280